**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jack Anthony LUCIDO, Defendant-
Appellant.**

**No. 72-2111.**

United States Court of Appeals,
Sixth Circuit.

Argued June 8, 1973.

Decided Oct. 24, 1973.

Philip A. Gillis, Detroit, Mich., for defendant-appellant.

Fred M. Acuff, Jr., Appellate Section, Crim. Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., E. D. Mich., Sidney M. Glazer, Atty., Dept. of Justice, Haskell Shelton, Laurence Leff, Sp.

Attys., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, and MILLER and LIVELY, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

This case is an appeal from a conviction in the district court on one count of using interstate telephone facilities to carry on a gambling operation. The defendant, Jack Lucido, was tried on a three count indictment, one conspiracy count under 18 U.S.C. § 371, and two substantive counts of using interstate telephone facilities to carry on a gambling operation in violation of 18 U.S.C. § 1952. The jury returned a verdict of guilty on one of the substantive counts and not guilty on the other. It acquitted the defendant on the conspiracy charge.

Appellant's principal contention on appeal is that his acquittal on the conspiracy charge entitles him to a new trial on the substantive charge because of prejudice resulting from the introduction of hearsay evidence. Since we deem this issue to be dispositive other issues will not be discussed.

A major part of the evidence introduced against Lucido by the government was the testimony of two I.R.S. agents concerning telephone conversations of a third person, one Donald Dawson, while he was talking to some one named "Jackie" in Centerline, Michigan, on December 20 and 21, 1969.[1] This testimony is the fruit of eavesdropping conducted by the government agents against Dawson.[2] The agents were located in a motel room in Phoenix, Arizona, adjacent to a motel room occupied by Daw-

son and his wife. The agents listened through a door between the two rooms to Dawson's end of the conversation with "Jackie". The agents' testimony of what Dawson said when used against the appellant is, of course, hearsay. Although such evidence is normally barred from use by the hearsay exclusionary rule, it was admitted by the trial court as statements of a co-conspirator in the furtherance of a conspiracy, and hence as an exception to the hearsay rule. However, acquittal on the conspiracy charge makes necessary inquiry into the possible prejudice that resulted from the introduction of this evidence. Absent the conspiracy charge was there any other exception to the hearsay rule that would make the agents' testimony concerning Dawson's conversations admissible against the appellant?

The government urges that such testimony would be admissible against Lucido under the rule that declarations made in furtherance of an illegal joint venture are admissible against the other partners in crime. *See* United States v. Jones, 438 F.2d 461 (7th Cir. 1971); United States v. Holmes, 452 F. 2d 249 (7th Cir. 1971), cert. den. 405 U. S. 1016, 92 S.Ct. 1291, 31 L.Ed.2d 479 (1972); United States v. Rinaldi, 393 F.2d 97 (2d Cir. 1968), cert. den. 393 U.S. 913, 89 S.Ct. 233, 21 L.Ed.2d 198 (1968). This well-recognized rule is applicable only in situations where independent evidence establishes *prima facie* an illegal joint venture. E. g. McMahan v. United States, 424 F.2d 1216 (7th Cir. 1970).[3] No such independent evidence exists in this case. Since such testimony is the basic element in the circumstantial evidence against Lucido, its

---

1. The government's entire case against Lucido consists of circumstantial evidence; however, much of it pertains to Dawson who is not a defendant. The I.R.S. agents' recollection of the telephone conversations was that they concerned discussions of placing and receiving bets. The agents also testified to a search of Dawson's home and the discovery therein of bet sheets and other indicia of gambling activities.

2. The legality of this eavesdropping is not raised on appeal. Our disposition of this case makes it unnecessary for us to express an opinion on the matter.

3. The cited case refers to the co-conspirator rule; however, the analysis for the illegal joint venture rule must be, by its very nature, the same.

prejudicial effect on the substantive charge is unmistakable.[4]

This case is an example of the potential hazards to a fair trial when the charge of conspiracy coupled with substantive charges confers upon the government a substantial procedural advantage. The Supreme Court has long recognized the dangers incident to the use of a conspiracy charge by government prosecutors. *E. g.* United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L. Ed. 128 (1940). This is not to say that the selective use of the conspiracy charge may not be a valid and necessary practice in proper law enforcement. What must be guarded against are the potentialities for injustice so clearly perceived by Mr. Justice Jackson in his oft-quoted statement, in his concurring opinion in Krulewitch v. United States, 336 U.S. 440, 457, 69 S.Ct. 716, 725, 93 L.Ed. 790 (1949):

> There is, of course, strong temptation to relax rigid standards when it seems the only way to sustain convictions of evildoers. But statutes authorize prosecution for substantive crimes for most evil-doing without the dangers to the liberty of the individual and the integrity of the judicial process that are inherent in conspiracy charges. We should disapprove the doctrine of implied or constructive crime in its entirety and in every manifestation. And I think there should be no straining to uphold any conspiracy conviction where prosecution for the substantive offense is adequate and the purpose served by adding the conspiracy charge seems chiefly to get procedural advantages to ease the way to conviction.

Although Mr. Justice Jackson was concerned with review of a conspiracy conviction, the spirit of his condemnation is equally applicable in this case.

 Since the jury has found that the conspiracy was not established, the government's admissible evidence on the substantive charge is vastly reduced. The purpose of rules of evidence is to preserve procedural fairness for all parties to a proceeding. To permit hearsay evidence to support a substantive charge on the theory of the "conspiracy" exception where the charge of a conspiracy has been specifically rejected by the jury would not only undercut the very foundation of the exception, but would magnify the dangers to the liberty of the individual and the integrity of the judicial process which gave Mr. Justice Jackson so much concern in the conspiracy cases. The hearsay was admitted below only because of the conspiracy charge which was not established. Therefore, the defendant is entitled to a new trial on the substantive charge. United States v. Johnson, 334 F.Supp. 982 (1971), aff'd 462 F.2d 608 (8th Cir. 1972).

Reversed and remanded for a new trial.

---

4. Even though the court may have charged the jury to disregard the hearsay evidence in considering the substantive charges, the result would be the same since the record is barren of any other evidence on the substantive charges.