**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gary SUCHY, Defendant-Appellant.**

**No. 74–1937.**

United States Court of Appeals, Sixth Circuit.

Argued June 7, 1976.

Decided Aug. 18, 1976.

James H. Grant, Philip A. Gillis, Detroit, Mich., for defendant-appellant.

Frederick S. Van Tiem, U. S. Atty., Mitchell S. Cohen, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Chief Judge.

This case is before the court on remand from the Supreme Court. *Suchy v. United States*, 423 U.S. 1042, 96 S.Ct. 765, 46 L.Ed.2d 632, 44 U.S.L.W. 3396–97 (1976).

Gary Suchy appealed to this court from his conviction for conspiring to sell and distribute heroin and for three substantive offenses with respect to the unlawful possession and distribution of heroin. On April 22, 1974, James D. O'Connell, a licensed attorney of Highland Park, Michigan, filed his appearance as counsel for Suchy. Thereafter, on September 26, 1974, and October 29, 1974, counsel O'Connell submitted to this court motions for extensions of time to file the brief of appellant. A final extension was granted to December 9, 1974. Counsel O'Connell filed an eighteen page brief in this court on behalf of Suchy, submitting four grounds for reversal, one of which was that the Government had failed to prove, beyond a reasonable doubt, that a conspiracy existed or that Suchy was a member. The case was argued before this court on February 19, 1975. James Thomas, an attorney of the Detroit Bar, made the oral argument on behalf of Suchy.

On April 8, 1975, this court decided the case by an unpublished order. See table of unpublished Sixth Circuit decisions, 513 F.2d 633. The unpublished order is made an appendix to this opinion.

On June 5, 1975, this court entered an order denying a petition for rehearing and a suggestion for rehearing en banc.

Thereafter, Suchy filed a petition for certiorari and an amended and supplemental petition for certiorari in the Supreme Court. The amended and supplemental petition was signed by a Detroit law firm. One of the grounds for the amended and supplemental petition was that "the inadequacy of petitioner's representation in the Court of Appeals requires that the case be sent back for rehearing."

The following statement was made to the Supreme Court concerning Suchy's representation in this court:

On appeal to the Sixth Circuit, petitioner and his family engaged the services of one Sterling Brown. Unbeknown to petitioner, Mr. Brown was not a lawyer, had never been inside a law school, and acquired whatever legal knowledge he had while an inmate of a Federal penitentiary and, upon release, his employment for six or seven months in the Federal Defender's office in Detroit.

Brown arranged for an attorney in Detroit, Mr. James O'Connell, to appear as counsel of record. Petitioner did not meet or have any counsel of record. Petitioner did not meet or have any contact with Mr. O'Connell until after his appeal was decided.

Brown apparently worked in Mr. O'Connell's office as a research analyst, the title given him on the stationery of Mr. O'Connell. On November 1, 1974, Mr. Brown terminated his relationship with Mr. O'Connell and moved to a Detroit suburb where he shared offices with another attorney, Mr. James Thomas, and operated an enterprise known as Benchmark Research. In January, 1975, petitioner's brief in the Court of Appeals was filed by Brown. Brown selected the issues for review and wrote the brief himself. He arranged for Thomas to argue the case in the Court of Appeals. Several substantial trial errors went unmentioned in petitioner's brief in the Court of Appeals.

Petitioner met Mr. O'Connell for the first time in June or July, 1975, in connection with Mr. O'Connell's motion in this Court to recall the mandate. Although Mr. O'Connell prepared that motion, he had nothing to do with the Petition for Certiorari which we now seek to amend and supplement. It was drafted and filed by Brown. (Footnotes omitted.)

On January 12, 1976, the Supreme Court entered the following order:

ON WRIT OF CERTIORARI to the United States Court of Appeals for the Sixth Circuit.

THIS CAUSE having been submitted on the petition for a writ of certiorari and response thereto,

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Court that the judgment of the said United States Court of Appeals in this cause be, and the same is hereby vacated; and that this cause be, and the same is hereby, remanded to the United States Court of Appeals for the Sixth Circuit for further proceedings in which petitioner will be allowed to file a petition for rehearing and in which that court may determine whether further briefing and argument are necessary.

Thereupon this court granted Suchy's petition for rehearing, and directed the filing of additional briefs and again set the case for oral argument. An additional brief was filed on behalf of Suchy by the same attorneys who filed his amended and supplemental petition for certiorari in the Supreme Court. The case was argued on June 7, 1976.

Suchy makes three contentions:

(1) That there was insufficient evidence to support the conspiracy conviction;

(2) That since the Government failed to prove the conspiracy count under which substantive hearsay testimony was admitted against Suchy, he is entitled to a new trial where his guilt or innocence can be determined free of the prejudicial taint of the hearsay evidence; and

(3) The District Court committed plain error in his charge to the jury with respect to the definition of reasonable doubt.

■ On the second issue, it is urged that this court adopt a per se rule of prejudice, requiring that wherever the Government is able to put hearsay before a jury solely because of an unproven conspiracy count, any conviction on substantive counts must be set aside.

We decline to adopt such a per se rule, but reaffirm our decision in *United States v. Lucido*, 486 F.2d 868 (6th Cir. 1973).

■ On the first and second issues raised by Suchy, we reaffirm our decision of April 2, 1975, set forth in the appendix hereto.

■ As for the third issue, we find no plain error in the charge of the District Court to the jury.

The conviction on count 1 of the indictment is reversed. The conviction on counts 2, 3 and 4 is affirmed.

## APPENDIX

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GARY SUCHY,

Defendant-Appellant.

## ORDER

(Filed April 2, 1975)

Before CELEBREZZE, MILLER and ENGEL, Circuit Judges.

An indictment filed with the United States District Court for the Eastern District of Michigan on April 4, 1973 charged the defendant Gary Suchy as follows:

Count 1. Conspiring with unindicted co-conspirator Luther Gist to sell and distribute ⅛ kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Count 2. Unlawful possession of 21.6 grams of heroin with intent to distribute the same in violation of 21 U.S.C. § 841(a)(1).

Count 3. Unlawful possession with intent to distribute approximately 189 grams of heroin in violation of 21 U.S.C. § 841(a)(1).

Count 4. Unlawful distribution of approximately 189 grams of heroin in violation of 21 U.S.C. § 841(a)(1).

All offenses were alleged to have occurred on or about December 14, 1972 and arose out of a raid of L & F Party Store on Shoemaker in Detroit, the defendant Suchy having been arrested at the time of the raid.

On May 6, 1974 a district court jury found Suchy guilty as charged in counts 1, 3 and 4 of the indictment and guilty of possession of a controlled substance in violation of 21 U.S.C. § 844(a), a lesser included offense under count 2 of the indictment. Suchy was subsequently given five-year concurrent sentences on counts 1, 3 and 4 and a one-year sentence on the lesser included offense under count 2, that sentence likewise to run concurrently with the others.

In his appeal, the defendant claims that the government failed to prove the existence of a conspiracy, that the evidence of 21.6 grams of heroin which formed the basis for count 2 of the indictment should have been suppressed, that the court erred in receiving the hearsay testimony of Police Officer Bernard Taylor, and finally, that the introduction by way of hearsay evidence of the statements of the unindicted and then deceased co-conspirator Luther Gist denied Suchy the right of confrontation as guaranteed him under the sixth amendment, thus compelling reversal of the conviction on all counts.

Upon a careful review of the record in the case and of the briefs and oral argument of counsel, the court is of the opinion that there was insufficient evidence, apart from the hearsay testimony of Police Officer Taylor, from which a prima facie case of

conspiracy could be made out against the defendant Suchy. Accordingly, for this reason his conviction on count 1 cannot stand. *United States v. Williams*, 503 F.2d 50 (6th Cir. 1974).

At the same time, the court finds no error in the failure of the trial court to suppress the evidence of the heroin. The court further is of the opinion that there was ample evidence to support the jury conviction of the defendant on the other counts and that such evidence was independent of any hearsay evidence which was admitted under the exception which obtains in conspiracy cases. Mindful of the very real dangers which attend the trial of a defendant on both conspiracy and substantive charges and especially those dangers which exist when there is an acquittal on the conspiracy charge, *United States v. Lucido*, 486 F.2d 868 (6th Cir. 1973), the court is nevertheless of the opinion that the direct and positive evidence of the defendant's guilt on the substantive charges was sufficient and independent of the hearsay evidence so as not to require a remand and new trial on the substantive charges. A review of the record indicates that none of the hearsay evidence admitted to establish the conspiracy prejudiced Suchy's right to a fair trial on the substantive counts. *United States v. Johnson*, 462 F.2d 608 (8th Cir. 1972).

Accordingly, IT IS ORDERED that the judgment of conviction on count 1 of the indictment is reversed and that the judgment of conviction on the lesser included offense in count 2 and on counts 3 and 4 is affirmed.