Richard J. ROBERTS,
Petitioner/Appellant,

v.

Rayburn TRAUGHBER, Commissioner, Tennessee Department of Employment Security and Federal Express Corporation, Respondents/Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Oct. 22, 1991.

Application for Permission to Appeal Denied by Supreme Court Oct. 26, 1992.

Larry E. Parrish, Memphis for petitioner/appellant.

Charles W. Burson, Atty. Gen. and Reporter, Stuart F. Wilson–Patton, Asst. Atty. Gen., Nashville for respondent/appellee Tennessee Dept. of Employment Sec.

S. Carolyn Howard, Shirley M. Harris, Memphis, Federal Exp. Corp., for respondent/appellee Federal Exp. Corp.

FARMER, Judge.

The petitioner, Richard Roberts, appeals from the judgment of the trial court dismissing his petition for writ of certiorari. The Chancellor found that there was substantial and material evidence to support the ruling of the Appeals Tribunal and Board of Review of the Tennessee Department of Employment Security that plaintiff had possessed marijuana on the job. The trial court upheld the determination of the Tribunal and Board that plaintiff's termination was due to "misconduct" within the meaning of T.C.A. § 50–7–303(a) and that plaintiff was ineligible for unemployment compensation benefits.

On February 1, 1988, as the plaintiff, Richard Roberts, was leaving his work at Federal Express, he exited through a screening facility and triggered the metal detector alarm. Upon investigation, security personnel discovered that Roberts' jacket contained various items, including what appeared to be a portion of a marijuana cigarette. As a result of the investigation, Federal Express terminated Roberts' employment on February 8, 1988.

On March 9, 1988, Roberts applied with the Tennessee Department of Employment Security for unemployment compensation benefits, and the department determined he was eligible. Claiming that Roberts was fired for work-related misconduct, Federal Express appealed the Commissioner's determination of eligibility to the Appeals Tribunal.

After conducting a full evidentiary hearing, the Appeals Tribunal concluded that there was sufficient evidence to support the allegation that Roberts had engaged in possession of marijuana. The Tribunal found, therefore, that Roberts was terminated for misconduct within the meaning of T.C.A. § 50–7–303(a) and ineligible for unemployment compensation benefits. Upon appeal, both the Board of Review and the trial court upheld the findings of the Tribunal.

■ Appellant correctly states the standard of review by this Court to be whether or not there exists substantial and material evidence to support the findings of the Appeals Tribunal and the Board of Review. *See* T.C.A. § 50–7–304(i)(2). In order to determine whether the findings below can be supported, we must examine the evidence presented at the Appeals Tribunal hearing.

The first witness was Bill Kirby, a security officer at Federal Express. Kirby was present at the screening facility when Roberts triggered the metal detector alarm. After emptying his pockets, Roberts still triggered the alarm. Roberts then took off his jacket and cleared the screening facility without sounding the alarm. According to Kirby, he became curious, picked up the jacket, and discovered it was very heavy. Kirby looked in the jacket and found a small brown box containing a large gold ring. Roberts was then escorted to the security office where, in the presence of Kirby, more items were found in Roberts' jacket pockets, including what appeared to be a marijuana cigarette. The items were stored in a safe pending investigation.

Kirby further testified that a manager for Federal Express, Tom Barlow, was present and that Barlow questioned Roberts about the items found in his jacket pocket. According to Kirby, Barlow reduced to writing the questions, along with Roberts' answers. This document was introduced as an exhibit, and Kirby testified that the handwriting on the document was Barlow's and that the questions and answers were accurate.

The portions of the document relating to the marijuana read as follows:

Q  Where was the grass?
A  In sleeve pocket.
Q  How long had it been there?
A  I don't know. Several months. I have two jackets.

. . . .

Q  Did you smoke the grass at Fed Ex?
A  No.

Roberts contends the statement contains the word "glass" rather than "grass." However, an examination of the statement as a whole reveals to us that it is apparent the word is "grass." According to the document, the statement was taken from

Roberts by Barlow and Kirby. Roberts signed the document, and it was witnessed by Barlow. Barlow, however, was not called as a witness at the hearing. On cross-examination, Kirby testified that the cigarette was found in the left shoulder pocket of the jacket.

The next witness called was Ray Priddy, Manager of Corporate Security Loss Prevention at Federal Express. He testified that upon his arrival at work on February 2, 1991, Tom Barlow informed him that there had been a problem the night before and that Barlow was assigning the case to Priddy. Barlow then showed Priddy the safe containing the items taken from Roberts' jacket. Among the items, Priddy observed a very small cigarette which appeared to be marijuana. Priddy testified that he called Memphis Metro Narcotics, which ran a "dutton noise test" on the cigarette in the presence of Priddy. According to Priddy the test indicated that the cigarette contained marijuana.

Upon cross-examination, Priddy described the cigarette as "an inch and a quarter long, partially smoked hand rolled cigarette as we refer to as a roach." Priddy testified that he was not present when the cigarette was taken from Roberts' jacket.

Mike Golden, senior manager of Hub maintenance, testified that he reviewed the articles found on Richard Roberts the morning after the incident. He also stated that Federal Express had a written policy prohibiting possession of illegal substances on company property, and he indicated that policy as number P7–5 in the Federal Express policy and procedures manual.

The next witness was Rickey White, a manager in Hub Maintenance for Federal Express. He confirmed that the decision to terminate Roberts was based on his possession of an illegal substance.

The last witness was the plaintiff, Richard Roberts. Roberts testified that prior to February 1, 1988, the last time he knowingly possessed marijuana was Memorial Day weekend of 1986. He stated he had not possessed marijuana during the intervening time period. Roberts characterized his prior drug use as very little and stated that he had never been a drug user.

Roberts stated that on February 1, 1988, he was drowsy because he had taken some Valium for a back condition. He subsequently received medical treatment for this condition, and it was discovered that he had sustained a broken rib during a basketball game. Roberts had fallen asleep from the effects of the Valium and had just been awakened prior to his leaving work that day.

Roberts said that he did not actually see anyone remove the cigarette from the jacket that evening but that he was shown a cigarette by Tom Barlow. He testified that he "had no intentions or no knowledge of any marijuana cigarette," but that Tom Barlow and another manager indicated the cigarette was taken from the upper left shoulder pocket. Roberts further testified that he had never used that pocket and did not remember ever looking inside the pocket.

Roberts was aware of the drug policy at Federal Express and stated that he "would not bring any kind of drugs on to [the] job." Roberts stated that the jacket in question was one issued to him by Federal Express and that he had another jacket just like it. Roberts often left the jacket lying around both at work and at home, and other family members, such as his wife and oldest daughter, occasionally wore the jacket.

According to Roberts, the only basis he had for believing that the substance was marijuana was the information provided him by Ray Priddy. Roberts further stated that he could have left the premises in a buggy driven by a shift mechanic and thus avoided passing through the screening facility. He claimed, however, that he chose to exit through the screening facility. Roberts stated he did not smoke the marijuana at Federal Express or anywhere else.

Roberts acknowledged that he signed the document of questions and answers on February 1, 1988, but stated he could not recall whether he read the document before signing it. He testified that the only state-

ment he made that evening with respect to the marijuana cigarette was that he didn't know anything about it. He also requested drug screen and polygraph tests that evening.

On appeal, Roberts argues that the evidence presented against him at the hearing was not substantial and material evidence that he had possessed marijuana on the job. Roberts concedes that the Tennessee Rules of Evidence did not apply at the hearing.[1] Robert claims, however, that because of evidentiary problems, the evidence presented did not rise to the level of substantial and material evidence. Specifically, Roberts argues that whether or not a substance is marijuana requires an expert opinion and, therefore, the testimony of Bill Kirby was not competent to establish that the substance in question was in fact marijuana. We might agree with this argument if the testimony of Bill Kirby was the only evidence presented by Federal Express in support of its claim that the cigarette contained marijuana. Without Federal Express laying some type of foundation for expertise on the part of Bill Kirby, his testimony as to the substance being marijuana is nothing more than the opinion of a lay witness. For reasons that follow, however, a resolution of this issue is not dispositive of Roberts' appeal.

In addition, Roberts argues that the testimony of Ray Priddy regarding the test performed by Metro Narcotics was not substantial evidence because it was hearsay. Roberts states that in Tennessee the law is clear that "[u]ncorroborated hearsay, while admissible in an administrative proceeding, does not equal substantial evidence...." We agree with Roberts' statement of the law, *see Goodwin v. Metropolitan Board of Health,* 656 S.W.2d 383, 388 (Tenn.Ct.

App.1983). The testimony of Priddy regarding the drug test was admittedly hearsay and, standing alone, would be insufficient to constitute substantial evidence. We are compelled to point out, however, that this hearsay evidence was not uncorroborated. Critical to Federal Express' proof was the document of questions and answers signed by Roberts the evening of February 1, 1988. Roberts does not dispute that the signature on the document is his. He merely states he cannot recall whether he read the document before signing it. While Roberts indicated that his only statement that evening regarding the cigarette was that he didn't know anything about it, the document signed by Roberts indicates implicitly that Roberts knew the substance was marijuana ("grass"), that he knew the cigarette was in his sleeve pocket, and that it had been there for several months.

Roberts cites us to two unreported decisions of this Court in which we held that the employer had failed to present substantial and material evidence of employee misconduct at a hearing before the Tribunal. *See Hollis v. Neel,* 12 TAM 2–12, 1986 WL 13252 (Tenn.Ct.App., M.S., Nov. 28, 1986), and *Johnson v. Neel,* 12 TAM 4–33, 1986 WL 14039 (Tenn.Ct.App. M.S., Dec. 12, 1986). We find these cases to be inapposite. In contrast to the case at bar, those cases involved uncorroborated hearsay. In *Hollis,* no representatives of the employer appeared to testify at the hearing and, therefore, the documents presented by the employer alleging misconduct could not be substantiated. In *Johnson,* a representative of the employer did testify at the hearing; however, the representative had no personal knowledge of the employee's work performance. The employee's supervisor could have attended the hearing, but the

---

1. T.C.A. § 4–5–313(1) governs the admissibility of evidence in administrative proceedings involving claims for unemployment compensation. It provides:

    The agency shall admit and give probative effect to evidence admissible in a court, and when necessary to ascertain facts not reasonably susceptible to proof under the rules of court, evidence not admissible thereunder may be admitted if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs. The agency shall give effect to the rules of privilege recognized by law and to agency statutes protecting the confidentiality of certain records and shall exclude evidence which in its judgment is irrelevant, immaterial, or unduly repetitious.

employer chose to rely on its written documentation instead. The court held that this uncorroborated evidence was insufficient to constitute substantial and material evidence.

■ Roberts further argues that he was denied the benefit of the missing witness rule in that Tom Barlow, who found the cigarette and created the document of questions and answers, was not called to testify by Federal Express. Citing the treatise of *Tennessee Law of Evidence*,[2] Roberts states that the general rule of law is that a party's "failure to call a witness who (1) has peculiar knowledge of facts, and (2) would naturally favor the party's contention raises an inference that the [witness'] testimony would have been unfavorable to the party who failed to call the witness."[3] We find this argument to be without merit. While the testimony of Tom Barlow might have strengthened Federal Express' proof, Roberts failed to establish that Barlow possessed a peculiar knowledge of the facts so as to bring the rule into play. At trial, Bill Kirby testified that he was present when Roberts triggered the alarm at the screening facility and when the alleged marijuana cigarette was removed from Roberts' jacket. He also testified that he was present when the items found were stored in the safe and when Barlow questioned Roberts. Kirby testified that Barlow wrote down the questions with Roberts' answers, and he testified as to the accuracy of the document and authenticity of Barlow's handwriting. Roberts did not object to the introduction of this evidence and later testified that he had signed the document. Further, we note that in Tennessee the missing witness rule has been described as a permissive inference rather than a presumption.[4] As the fact finder, therefore, the referee was permitted but not required to draw this inference.

■ Finally, Roberts argues that the referee erroneously shifted the burden of proof from Federal Express to Roberts and that Federal Express failed to prove that Roberts possessed marijuana. Roberts cites us to several criminal cases for the proposition that, in order to prove possession, one must show that the possessor intended to exercise control over the object in possession.[5] This assertion ignores the existence of the document signed by Roberts. Assuming that Federal Express was required to allege and prove some element of intent or knowledge on the part of Roberts, the document demonstrates that Roberts knew he possessed marijuana in his sleeve pocket and that it had been there for several months. At the hearing, Roberts testified that he knew nothing about the cigarette, that he never used the sleeve pocket in question, and that he often left his jacket lying around both at home and work. The referee properly considered the credibility of the witnesses, including Roberts, and evidently discounted some or all of Roberts' testimony.

■ In conclusion, we note that this was not a criminal trial, and Federal Express was not required to prove their case beyond a reasonable doubt. As Roberts' counsel correctly points out, the burden of producing substantial and material evidence is not an onerous one. Substantial and material evidence simply means "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *First Tennessee National Bank Ass'n v. Jones*, 732 S.W.2d 281, 283 (Tenn. Ct.App.1987) (*citing Southern Railway*

---

**2.** N. Cohen, D. Paine & S. Sheppeard, Tennessee Law of Evidence, (2d ed. 1990).

**3.** *Id.* § 401.8.

**4.** *Id.*

**5.** *United States v. Craig*, 522 F.2d 29 (6th Cir. 1975); *State v. Cooper*, 736 S.W.2d 125 (Tenn. Crim.App.1987); *State v. Williams*, 623 S.W.2d 121 (Tenn.Crim.App.1981).

*Co. v. State Board of Equalization,* 682 S.W.2d 196, 199 (Tenn.1984)).

We hold that the evidence constituted material and substantial evidence that Roberts possessed marijuana and, therefore, was discharged for misconduct. The judgment of the trial court is affirmed, and costs of this appeal are taxed to the appellant for which execution may issue if necessary.

TOMLIN, P.J. (W.S.) and CRAWFORD, J., concur.