# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

**THOMAS H. FOWLER,**

Plaintiff-Appellant

Vs.

**MAXINE MIDDLECOFF, BILL YANCY, ERNESTINE BROWN, ALICE MCLANAHAN, MIKE THOMAS, Commissioners of Elections of Fayette County, Tennessee, LANITA MCGRAW, Register-at-Large, and MYLES WILSON,**

Defendants-Appellees.

FILED

December 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

Shelby Chancery No. 98-0737-1
The Hon. Floyd Peete, Jr., Chancellor

C.A. No. W1998-00567-COA-R3-CV
***AFFIRMED AND REMANDED***

James D. Causey; Jean E. Markowitz of Memphis, For Appellant

William E. Frulla; David A. McLaughlin of Memphis, For Appellee, Wilson

Leo Bearman, Jr., Lea H. Speed; Baker, Donelson, Bearman & Caldwell of Memphis, For Appellees, Middlecoff, Yancy, Brown, McClanahan, Thomas, and McGraw

---

## MEMORANDUM OPINION[1]

---

***CRAWFORD, J.***

This appeal involves an election contest. Plaintiff-appellant, Thomas H. Fowler, appeals the order of the trial court confirming the election of defendant-appellee, Myles Wilson to the Fayette County Commission.

Both parties were elected Fayette County Commissioners in 1990 and 1994. In the 1998 election, Fowler and Wilson were opponents, and Wilson won the election.

On August 14, 1998, Fowler filed suit in Fayette County, Tennessee and in Shelby County, Tennessee contesting Wilson's election and requesting an injunction against Defendants, Maxine Middlecoff, Bill Yancy, Ernestine Brown, Alice McClanahan, Mike Thomas, Commissioners of Elections of Fayette County, and Lanita McCraw, Register-at-Large. Fowler alleged that Wilson was not a resident of Fayette County and therefore not eligible for election to the Fayette County Commission.

The parties subsequently stipulated that an injunction was not necessary to

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

prevent Wilson from taking the oath of office and agreed that the trial would be held in Shelby County.  After a non-jury trial, the trial court found that Wilson was a resident of Fayette County and confirmed his election to the Fayette County Commission.

The issues for our review, as stated in the Fowler's brief, are as follows:

> 1.  Whether the trial court erred in not applying the missing witness rule due to the failure of the Defendant's wife and children to appear and testify in his behalf.

> 2.  Whether the evidence presented rebutted the presumption created by T.C.A. § 2-2-122(5) that a person's residence is where his spouse and children have their habitation.

> 3.  Whether the preponderance of the evidence supports the trial court's findings that the Defendant Wilson was a resident of Fayette County.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court.  Unless the evidence preponderates against the findings, we must affirm, absent error of law.  T.R.A.P. 13(d).

We will address Fowler's second and third issues together.  Wilson agrees that his wife is a resident of Shelby County, but contends that he is a resident of Fayette County.  Briefly, the evidence established the following:  Wilson was born and raised in Fayette County, Tennessee.  After high school, Wilson attended college at Lane College in Jackson, Tennessee.  Upon completion of college in 1967, Wilson returned to Fayette County where he registered to vote and was employed as a teacher and coach at the local school.  In approximately 1969, Wilson was fired from his job after a Memphis federal judge ordered all schools to be desegregated.   Wilson subsequently moved to Memphis, began selling encyclopedias, and registered to vote in Shelby County.  In January of the following year, Wilson and several other teachers won a racial discrimination lawsuit and were returned to their teaching positions.  Wilson returned to Fayette County, began teaching again, and built the house on Neal Road.  In December of 1970, Wilson married Arlene Wilson.  Ms.  Wilson was a school teacher for the City of Memphis.  Wilson testified that Ms. Wilson had an apartment in

Memphis and that he maintained his residence in Fayette County. After the birth of the Wilson's second child, they bought a home on Kirby Meadows in Memphis, Tennessee. Wilson registered to vote in Fayette County again in 1987. In 1990, he was elected to his first term as Commissioner of Fayette County. Wilson has consistently voted in Fayette County since 1987, his driver's license lists the Fayette County address, he maintains his bank account at the Fayette County bank, he pays property taxes in Fayette County, and he lists his Fayette County address on his federal income tax returns. Further, Wilson is the principal of the only high school in Fayette County, and he continues to be active in various community activities. Wilson has exhibited a definite intent to make Fayette County his home and an intent to return to Fayette County, even when he occasionally and temporarily left Fayette county.

In order to determine Wilson's residence, we look to T.C.A. § 2-2-122:

> 2-2-122. Principles for determination of residence - Factors involved. - (a) The determination of whether a person is a resident or where the person resides or has residence for purposes of the election code shall be made in the light of the following principles:
> (1) The residence of a person is that place in which the person's habitation is fixed, and to which, whenever the person is absent, the person has a definite intention to return;
> (2) A change of residence is generally made only by the act of removal joined with the intent to remain in another place. There can be only one (1) residence;
> (3) A person does not become a resident of a place solely by intending to make it the person's residence. There must be appropriate action consistent with the intention;
> (4) A person does not lose residence if, with the definite intention of returning, the person leaves home and goes to another country, state or place within this state for temporary purposes, even if of years duration;
> (5) The place where a married person's spouse and family have their habitation is presumed to be the person's place of residence, but a married person who takes up or continues abode with the intention of remaining at a place other than where the person's family resides is a resident where the person abides;
> . . .
> (b)(1) The following factors, among other relevant matters, may be considered in the determination of where a person is a resident:
> (A) The person's possession, acquisition or surrender of inhabitable property;
> (B) Location of the person's occupation;
> (C) Place of licensing or registration of the person's personal property;

> (D) Place of payment of taxes which are governed by residence;
> (E) Purpose of the person's presence in a particular place; and
> (F) Place of the person's licensing for activities such as driving;

The fact that Wilson's wife is a resident of Shelby county does not automatically make Defendant a resident of such. Wilson admits that he makes visits to his wife's home on Kirby Meadow Road. However, this is not enough to refute his proof that he is a resident of Fayette County. Residency is determined by "intent" and "action" and one standing alone is not enough to establish residency. We believe that Wilson has "taken up residence" with the intention of remaining in Fayette County even though part of his family resides in Memphis. This appears to be the very situation the statute attempts to address. Based on the record, we cannot say that the trial court erred in finding that Wilson was a resident of 130 Neal Road in Fayette County

With regard to Fowler's remaining issue, he argues that Wilson should have called his wife and children to testify as to his residence, and the fact that he did not, creates the inference that his residence is in Shelby County. We find this argument to be without merit. The general rule is that failure to call a witness who has (1) peculiar knowledge of the facts, and (2) would naturally favor the party's contention raises an inference that the testimony would have been unfavorable to the party who failed to call the witness. N. Cohen, S. Sheppeard & D. Paine, Tennessee Law of Evidence, Sec. 401.9 (3d ed. 1995). However, in Tennessee the missing witness rule has been described as a permissive inference rather than a presumption. **Roberts v. Traughber**, 844 S.W.2d 192 (Tenn. App. 1991). Therefore, the chancellor was permitted but not required to draw this inference. In any event, the extent of the effect of the inference is to impair the weight of the evidence of the party affected and to enhance the weight of his adversary's evidence. **See McReynolds v. Cherokee Ins. Co.**, 815 S.W.2d 208, 210 (Tenn. Ct. App. 1991).

Accordingly, the evidence does not preponderate against the factual finding of the chancellor, and the order of the trial court is affirmed. The case is remanded to the

trial court for such other proceedings as are necessary.  Costs of appeal are assessed

to appellant, Thomas H. Fowler.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE,W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**