**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward TALBOT, Defendant-Appellant.**

**No. 72–1113.**

United States Court of Appeals,
Sixth Circuit.

Dec. 14, 1972.

Samuel Posner, Posner & Posner, Detroit, Mich., on brief for defendant-appellant.

John Patrick Conley, Asst. U. S. Atty., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich, on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge and BRATCHER,* District Judge.

PER CURIAM.

Defendant appeals from a conviction in the District Court wherein he was sentenced to a suspended sentence of two years for the illegal sale on October 30, 1969 and November 5, 1969, of amphetamine pills in violation of Title 21 § 331(q)(2), United States Code. Appellant was tried with co-defendants Megdall and McCarthy by the Court without a jury.

Talbot did not actually participate in the illegal sale. He was implicated by statements made to the agent by the two co-defendants that Talbott was their source of supply. Over the objection of counsel testimony was admitted into evidence of the statements made by the co-defendants to the agent concerning Talbot being the supplier. Neither McCarthy nor Megdall testified.

In seeking a reversal appellant contends:

(1) The trial court erred in admitting into evidence over objection statements made by co-defendants to narcotics agents implicating the defendant in the crimes charged before there was evidence aliunde that there was a joint enterprise between the co-defendants;

(2) The trial court erred in refusing to direct a verdict of acquittal for want of evidence.

■ Appellant's contention under (1) is not persuasive. It is well settled, even in absence of a conspiracy count, that extra judicial declarations made by a co-defendant outside the presence of the defendant are admissible on the theory that the declarant is an agent of his confederate. United States v. Accardi, 342 F.2d 697, 700 (2nd Cir., 1965); United States v. Williams, 435 F.2d 642, 645 (9th Cir., 1970); Hitchman Coal

and Coke Co. v. Mitchell, 245 U.S. 229, 249, 38 S.Ct. 65, 72, 62 L.Ed. 260, 276 (1917); and United States v. Olweiss, 138 F.2d 798, 800 (2nd Cir., 1943), certiorari denied, 321 U.S. 744, 64 S.Ct. 483, 88 L.Ed. 1047 (1943).

The rule was best expressed in Hitchman Coal and Coke Co. v. Mitchell, *supra*. The Supreme Court, in deciding a civil suit with a similar factual situation, stated:

"The rule of evidence is commonly applied in criminal cases, but is of general operation; indeed, it originated in the law of partnership. It depends upon the principle that when any number of persons associate themselves together in the prosecution of a common plan or enterprise, lawful or unlawful, from the very act of association there arises a kind of partnership, each member being constituted the agent of all, so that the act or declaration of one, in furtherance of the common object, is the act of all, and is admissible as primary and original evidence against them."

■ Clearly, such admissions are admissible into evidence as standard exceptions to the hearsay rule and are competent to prove guilt of a substantive crime.

■ It is recognized, however, that the receipt of such testimonial proof is conditional. There must be a sufficient showing by evidence aliunde of a concert of action between the defendants before the extra-judicial declarations of the co-defendants are admissible. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Santos, 385 F.2d 43, 44 (7th Cir., 1967); Kay v. United States, 421 F.2d 1007, 1009 (9th Cir., 1970) and United States v. Williams, *supra*, 435 F.2d at 645. This evidence may be either direct or circumstantial. United States v. Santos, *supra*, 385 F.2d at 44. Here, the Gov-

---

* The Honorable Rhodes Bratcher, United States District Judge for the Western District of Kentucky, sitting by designation.

ernment introduced convincing proof of appellant's involvement in the crimes charged independent of the statements of his confederates to the investigating agents.

 In view of the foregoing authority, as applied to the facts of this case, it is apparent that appellant's contention relative to the pre-arrest statements of his co-defendants is without merit. It is fundamental that evidence may be allowed prior to the establishment of its relevancy subject to the introduction of connecting facts. We must bear in mind that this was a bench trial and, as such, less stringent rules of evidence were applicable than had the trial been to the Court and jury. Based on the record, we are unable to say that appellant was prejudiced by the Court's ruling.

 The test in determining the sufficiency of evidence to sustain a finding of guilt is whether, taking the evidence in the view most favorable to the Government, there is substantial evidence to support the verdict. United States v. Tutino, 269 F.2d 488, 490 (2nd Cir., 1959); Kay v. United States, *supra,* 421 F.2d at 1009; Howard v. United States, 332 F.2d 82, 85 (5th Cir., 1964); and United States v. Perry, 324 F.2d 871, 872 (7th Cir., 1963). Here, there is evidentiary support for the Court's finding of guilt.

Judgment of the District Court is affirmed.