**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anthony Vince PERNA, Defendant-
Appellant.**

**No. 73-1429.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 26, 1973.

Decided Jan. 31, 1974.

Stuart Friedman, Cleveland, Ohio, for defendant-appellant; James D. London (Court-appointed), Cleveland Public Defender, Cleveland, Ohio, on brief.

Paul Brickner, Cleveland, Ohio, for plaintiff-appellee; Frederick M. Coleman, U. S. Atty., Timothy J. Potts, Asst. U. S. Atty., Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and JOINER, District Judge.*

PER CURIAM.

Appellant seeks reversal of his conviction under a two count indictment for possessing and uttering counterfeit currency in violation of 18 U.S.C. §§ 472 and 473.

Appellant, Anthony Vince Perna, and one Trunzo were charged on two separate identical indictments and their cases were consolidated for trial. On the day of the trial, but before it had commenced, Trunzo entered a plea of guilty and was released on bond.

The trial of Perna proceeded and the Government called three witnesses, all Secret Service agents. It is the testimony of undercover Agent Marchitello that provides the basis for this appeal.

Marchitello first testified that Trunzo, the original co-defendant, introduced appellant to him as "my source . . . this is my man for the counterfeit currency." Marchitello next testified that he and appellant then engaged in further conversation in which, *inter alia,* appellant said that he had been dealing in counterfeit currency for five years and had never been caught, that it would take him about fifteen minutes to get the counterfeit currency, and that his terms were nine per cent in genuine currency.

At this point in the proceedings, the District Judge ruled that a joint criminal venture had been established and permitted Agent Marchitello to testify further as to utterances of Trunzo that implicated appellant. Marchitello testified, *inter alia,* that Trunzo told him that front money, an advance payment, would have to be furnished before any delivery could take place, unless they talked directly with appellant. Further, Marchitello testified that Trunzo had told him "we'll go see Tony Perna [ap-

---

* Honorable Charles W. Joiner, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

pellant], the man who will do the deal on the hill."

Appellant now contends that the District Court committed reversible error in permitting in evidence Agent Marchitello's testimony of the out of court statements made by Trunzo, the original codefendant, which implicated appellant. In support of this contention, appellant asserts that (1) the Confrontation Clause of the Sixth Amendment to the Constitution guarantees his right to confront Trunzo, (2) no independently proven conspiracy was established prior to the introduction of the questioned testimony, and (3) Trunzo was available to testify and evidentiary rules require the unavailability of a declarant prior to admitting hearsay of a co-conspirator's utterances.

We find appellant's assertions unpersuasive.

■ Although the Confrontation Clause guarantees an accused the right to confront his accuser, it has long been established, under the co-conspirator exception to the hearsay rule, that the declarations of one conspirator may be used against another conspirator. Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L. Ed.2d 213 (1970); Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 38 S. Ct. 65, 62 L.Ed. 260 (1917); Clune v. United States, 159 U.S. 590, 16 S.Ct. 125, 40 L.Ed. 269 (1895), and Campbell v. United States, 415 F.2d 356 (6th Cir. 1969).

The rationale for the rule was best expressed in *Hitchman Coal & Coke, supra,* 245 U.S. at 249, 38 S.Ct. at 72, in which the Supreme Court, in deciding a civil suit with a similar factual situation, stated:

"The rule of evidence is commonly applied in criminal cases, but is of general operation; indeed, it originated in the law of partnership. It depends upon the principle that when any number of persons associate themselves together in the prosecution of a common plan or enterprise, lawful or unlawful, from the very act of association there arises a kind of partnership, each member being constituted the agent of all, so that the act or declaration of one, in furtherance of the common object, is the act of all, and is admissible as primary and original evidence against them."

■ The co-conspirator hearsay exception is equally well established in a case such as the instant one where there is an absence of a conspiracy count. *See* United States v. Talbot, 470 F.2d 158, 159 (6th Cir. 1972), and authorities cited therein.

The receipt of such testimonial proof, however, is conditioned on a sufficient showing by evidence aliunde of a concert of action between the defendants before the extrajudicial declarations of the codefendants are admissible. *See Talbot, supra,* and authorities cited therein. In the present case, the District Judge correctly ruled that a joint criminal venture had been established and thereafter permitted Agent Marchitello to testify as to Trunzo's remarks, which clearly implicated appellant.

■ Appellant's final assertion that since Trunzo was available to testify, Marchitello's hearsay should not have been permitted in evidence is equally misfounded. Although the Government may have erred in its trial strategy in not calling Trunzo, and this might have been the better procedure, we are cited to no case or rule of evidence that makes unavailability of the hearsay declarant a requirement for application of the co-conspirator exception to the hearsay rule.

Affirmed.