UNITED STATES of America,
Plaintiff-Appellant,

v.

Donald TOWNES, Defendant-Appellant.

No. 74–2045.

United States Court of Appeals,
Sixth Circuit.

March 17, 1975.

S. Allen Early, Jr., Detroit, Mich., for plaintiff-appellant.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., Gordon S. Gold, Asst. U. S. Atty., for defendant-appellee.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This appeal is from Appellant's conviction by a jury on two counts. The first count charged possession of 23 grams of cocaine, and the second count charged Appellant and his co-defendant with selling and aiding and abetting in its sale. A third count in the indictment against

Appellant charged a conspiracy between the two co-defendants to sell the cocaine. This third count was dismissed at the close of the Government's case, after the District Court offered the Government the choice of dropping the aiding and abetting charge under count two or the conspiracy count. Under protest that the District Court was wrong in holding that the two charges constituted "in effect the same thing," the Government agreed to the conspiracy count's dismissal.

The deletion of the conspiracy count gives rise to Appellant's first argument for reversal. He contends that certain damaging hearsay evidence was admitted under the co-conspirator exception to the hearsay rule which would not have been admitted if the conspiracy count had been dropped before trial. The Government responds that the conspiracy charge should not have been ordered deleted, so that the hearsay testimony was properly admitted. Even if the conspiracy count was properly dismissed, the Government maintains, there was substantial evidence of a criminal joint venture, aside from the hearsay testimony itself, so that the disputed testimony was within an exception to the hearsay rule.

■ We agree with both of the Government's contentions. First, the conspiracy count should not have been ordered deleted from the charge to the jury. In United States v. Bradley, 421 F.2d 924, 927–28 (6th Cir. 1970), we explicitly stated that convictions concerning the same transaction under both aiding and abetting and conspiracy counts were proper. Conspiring to commit a crime with another and aiding and abetting in its substantive commission are distinct crimes. *See also* Pereira v. United States, 347 U.S. 1, 11, 74 S.Ct. 358, 98 L.Ed. 435 (1953); Securities and Exchange Commission v. Coffey, 493 F.2d 1304, 1316 (6th Cir. 1974). Thus, the Government should not have been forced to choose between deleting the aiding and abetting element of count two or dropping the conspiracy charge under count three, and the hearsay testimony concerning the conspiracy was properly admitted.

■ Second, even aside from the existence of a proper conspiracy charge, we find substantial evidence in the record, apart from the challenged hearsay testimony, of a criminal joint venture between the co-defendants. The hearsay testimony was therefore admissible. United States v. Perna, 491 F.2d 253 (6th Cir.) cert. denied, 417 U.S. 934, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974); United States v. Lucido, 486 F.2d 868 (6th Cir. 1973); United States v. Talbot, 470 F.2d 158 (6th Cir. 1972).

■ Appellant's second contention is that there was insufficient evidence to justify submission of the case to the jury. A review of the record demonstrates ample evidence to support the conviction. The record shows that Appellant went to the co-defendant's residence after a call was made by the co-defendant to "Don." Don is Appellant's first name. The caller placed an order for a bag of cocaine. Appellant was present in the room when the co-defendant tested the cocaine and certified to its strength, in order to assure the Government's undercover agent who was posing as a purchaser. The agent testified that Appellant stated that the cocaine was "very good" and that "we haven't had any complaints about it in the past." Appellant added that larger quantities were available in the future. This evidence, along with other damaging testimony, is sufficient to support Appellant's conviction on both counts. Appellant's denial of any involvement with drugs was for the jury to consider, and its verdict indicates a rejection of his credibility.

■ Appellant's final argument is that the Government should not have been permitted to introduce evidence that a quantity of narcotics had been discovered in a pair of trousers in his bedroom approximately three months after the acts charged in the indictment. The search which produced these narcotics was declared illegal on May 8, 1973 by the District Court. The Government in-

troduced this evidence to rebut Appellant's statements in response to his lawyer's questions on direct examination that he had never used controlled drugs and "never had anything to do with drugs."

 Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954), requires us to reject Appellant's contention. As the Supreme Court held there, 347 U.S. at 65, 74 S.Ct. at 356, "[T]here is hardly justification for letting the defendant affirmatively resort to perjurious testimony in reliance on the Government's disability to challenge his credibility." Evidence obtained from an illegal search and seizure of narcotics on a defendant's premises may be admitted to rebut a defendant's claim on direct examination that he had never been involved with narcotics. A different case would, of course, be presented if Appellant himself had not asserted his lack of involvement with narcotics. See Agnello v. United States, 269 U.S. 20, 35, 46 S.Ct. 4, 70 L.Ed. 145 (1925).

Appellant's conviction is affirmed.