**UNITED STATES of America, Plaintiff,**

v.

**Leslie Tyrone HILL, Defendant.**

No. 92–20254.

United States District Court,
W.D. Tennessee.

July 26, 1993.

Joseph C. Murphy, Jr., Asst. U.S. Atty., Memphis, TN, for plaintiff.

William F. Travis, Southaven, MS, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

QUIST, District Judge.

The defendant, Leslie Tyrone Hill, was originally charged on three counts—(1) conspiracy to possess with intent to distribute cocaine base; (2) aiding and abetting in the possession with intent to distribute a cocaine base; and (3) aiding and abetting in the possession with intent to distribute cocaine base. At the conclusion of the government's proofs, the Court dismissed Count 3 against Mr. Hill but permitted the case to go forward on Counts 1 and 2.

Counts 1 and 2 involved a transfer of 23 grams of cocaine base which occurred on August 6, 1992, in a Piggly–Wiggly parking lot in Memphis, Tennessee. Based upon a tip from a confidential informant, officers from the Shelby County Sheriff's Narcotics Division set up surveillance of the confidential informant and another indicted person, Louis Scott. The confidential informant was wired while he was meeting with Mr. Scott in the Piggly–Wiggly lot. When the confidential informant refused to go with Scott to another location, Scott got out of the confidential informant's vehicle and got into his own vehicle. Scott drove out of the Piggly–Wiggly lot and returned about five minutes later. Upon his return, Scott got into the confidential informant's vehicle and advised the confidential informant that the drugs would be there in about five minutes and that the drugs would be brought in a gold or silver Cadillac.

Approximately five minutes later, a gold Cadillac pulled into the parking lot. Scott got out of the confidential informant's vehicle and walked towards the gold Cadillac, but it kept moving without slowing down. Then a silver Cadillac pulled into the lot and stopped. The silver Cadillac was driven by Leslie T. Hill. While Mr. Hill stayed in the silver Cadillac, Mr. Hill's co-defendant, Bobby Lloyd, got out of the silver Cadillac, walked to some shopping carts outside of the Piggly–Wiggly store, pulled a bag out of his pocket, and put a plastic bag containing some substance into a shopping cart. Scott was then observed walking over to the shopping cart, picking up the bag, and bringing the bag to the confidential informant's vehicle. Scott got into the confidential informant's vehicle, and police officers overheard Scott saying, "Here the dope is—where is the money?". After hearing this, the police officers moved in and arrested Louis Scott, Bobby Lloyd and Leslie T. Hill. A plastic bag containing 23 grams of cocaine base was on the front seat of the confidential informant's vehicle.

On May 25, 1993, Mr. Hill was sentenced to 84 months in prison.

■ After the sentencing in this case, the Court, on its own initiative, researched whether there had been sufficient, competent evidence presented to the jury to sustain a conviction of Leslie Tyrone Hill on Counts 1 and 2 of the complaint.[1] The Court also researched whether, if indeed there was insufficient evidence, what could be the possible remedy. Under *United States v. Davis,* 992 F.2d 635 (6th Cir.1993), the court could not *sua sponte* enter a judgment of acquittal for Mr. Hill.[2] However, 18 U.S.C. § 3145(c) provides:

A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c) is not limited to appeals of a detention order. It also authorizes release pending the disposition of the merits of a defendant's appeal. *United States v. Herrera Soto,* 961 F.2d 645, 647 (7th Cir.1992). Mr. Hill is subject to detention pursuant to Section 3143(b)(2)—violation of the Controlled Substances Import and Export Act, 21 U.S.C. § 801 *et seq.*

■ The defendant must show by clear and convincing evidence that he meets the following conditions for release as set forth in Section 3143(b)(1):

1. He is not likely to flee;

2. He is not likely to pose a danger to the safety of any other person or the community if released; and

3. That his appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial or a reduced sentence.

These conditions under Section 3143(b) are in addition to Section 3145(c)'s requirement that defendant show "exceptional reasons" why he should be released on bond pending appeal. The conditions of Sections 3143(b)(1) and 3145(c) will be discussed separately in these findings of fact which I make using the "clear and convincing" standard.

■ 1. *I find that Mr. Hill is not likely to flee.* Mr. Hill was released on bond prior to his trial and was on bond throughout his trial in February, 1993. At all times, Mr. Hill has reported as required. In addition, pursuant to an Order of Judge Odell Horton, Mr. Hill was furloughed after conviction and before sentencing from March 19 to 22, 1993, so that he could attend a funeral. Mr. Hill reported, as required, at the conclusion of his furlough. The Court notes particularly that Mr. Hill returned from his furlough even though he had already been convicted and was facing a long sentence. Also, Mr. Hill presented, and this Court accepts, evidence that Mr. Hill is a lifetime resident of the Memphis, Tennessee, area. He has family ties in the area, apparently has an offer of employment upon release from imprisonment and, prior to conviction, was employed on a regular basis.

2. *I find that Mr. Hill does not present a danger to anyone or to the community.* Mr. Hill was convicted of a drug dealing offense. This is a very serious charge, and if Mr. Hill is a drug dealer, he certainly could present a danger to the community upon release. On the other hand, the Court should not keep Mr. Hill detained simply because he was convicted of drug dealing if it is likely that his conviction will be reversed on appeal. This boot-strap argument could keep innocent people detained even though their convictions were obviously invalid. Furthermore, there is no evidence that Mr. Hill sold or used drugs prior to his conviction

---

1. Although lawyers made Fed.R.Crim.P. 29 motions at the conclusion of the government's proof and at the conclusion of the evidence, they submitted no authority to support their motions. Furthermore, the attorneys did not file a postverdict motion under Rule 29(c).

2. There was evidence from which the jury could conclude that Mr. Hill's co-defendant, Juan Winston, was driving the gold Cadillac. The analysis of the evidence as to Mr. Hill on Counts 1 and 2 also would apply to Mr. Winston on Counts 1 and 2. However, Mr. Winston was also convicted on Count 3, and Mr. Winston would not be released on bond in order to appeal the conviction on Count 3.

while he was under the supervision of the Pretrial Services Division of the Probation Department. Mr. Hill has no prior criminal record. As stated previously, Mr. Hill's family is in the Memphis, Tennessee area.

There was testimony that Mr. Hill had ongoing altercations with a Ms. Tanya Aiken. However, the testimony of the witnesses was that Ms. Aiken generally initiated those altercations out of jealousy. The witnesses testified that Mr. Hill basically did not reciprocate when attacked by Ms. Aiken. However, on one occasion he did throw a brick through the window of Ms. Aiken's car. There was no evidence that Mr. Hill abused Ms. Aiken's person in any manner. The brick throwing seems to be a singular lapse, and this Court intends to order Mr. Hill to stay away from Ms. Aiken.

**3.** *I find that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal.* In *United States v. Craig*, 522 F.2d 29 (6th Cir.1975), the following facts were considered insufficient to sustain convictions for conspiracy to deal in drugs and aiding and abetting in a drug transaction:

> Craig [the appellant] drove Patterson with the closed box of drugs to Davis' apartment in Craig's truck; that Craig fled when agents began to move toward the apartment, later abandoning his truck in which a shotgun was found; and that Craig successfully eluded police for about two years.

*Id.* at 31.

The only competent evidence presented against Leslie T. Hill was that Hill drove Bobby Lloyd to the Piggly–Wiggly lot in Hill's silver Cadillac and that the transaction occurred basically as Louis Scott said it would—the dope would come in a gold or silver Cadillac. Hill did not get out of his car and did not try to elude the police officers. There were no guns or drug paraphernalia found in Mr. Hill's gold Cadillac or on Mr. Hill's person. Mr. Lloyd took the purported drugs out of his pocket *after* he got out of Mr. Hill's car. There is no evidence that Mr. Hill could have seen what was in Mr. Lloyd's pocket or hand.

The facts in the instant case are similar to those in *Craig* in that, like Craig, all Mr. Hill did was drive the vehicle which brought the drugs to the place of transfer. No drug transfer occurred in Mr. Hill's presence. The evidence was clear that Mr. Lloyd pulled the plastic bag out of his pocket after he left Mr. Hill's car. The fact that Mr. Scott told the confidential informant that the drugs would be coming in a gold or silver Cadillac does not, in my judgment, implicate Mr. Hill sufficiently to sustain his conviction. Mr. Hill's name was not mentioned by Mr. Scott. The evidence does not show that Mr. Scott talked to Mr. Hill when Mr. Scott left the Piggly–Wiggly lot for about five minutes. Mr. Scott did not say for sure how the drugs were going to be delivered—Mr. Scott said a gold *or* silver Cadillac, and he approached the gold Cadillac when it drove through the lot. It is quite reasonable to assume that Mr. Scott talked to Mr. Lloyd who, at that time, did not know who was going to drive him to the lot. In any event, I believe the fact that Mr. Scott said the drugs were coming in a gold or silver Cadillac is insufficient to distinguish *Craig.*

In *United States v. Olivo–Infante,* 938 F.2d 1406, 1409 (1st Cir.1991), the First Circuit said:

> It is commonly accepted that "[d]rivers generally have dominion and control over the vehicles that they drive"; from this a jury may infer knowing possession of drugs found within such a vehicle. Furthermore, the jury could reasonably have inferred that under these potentially dangerous circumstances, an insider rather than an outsider would chauffeur the dealer. We recently noted that "it runs counter to human experience to suppose that criminal conspirators would welcome innocent nonparticipants as witnesses to their crimes." (Citations omitted.)

*Id.* at 1409.

There is probably a difference between the roles of a driver and passenger of a vehicle that delivers drugs. *See United States v. Pena,* 983 F.2d 71 (6th Cir.1993). However, in my judgment, *Craig* bars a finding of guilt based upon a person's being a mere driver of the vehicle that delivered the drugs. Also, in

*Olivo–Infante* the defendant sat in the driver's seat while ATF Agent Horace and one Castillo spoke and made the drug exchange. 938 F.2d at 1409. There was no such conversation in the instant case, and Mr. Hill was sufficiently far away from Mr. Lloyd so that Mr. Hill was not a witness to Mr. Lloyd's crime. Mr. Hill was more like Craig than Olivo–Infante.

■ **4. *I find that "exceptional reasons" exist.*** The government is correct—many cases are appealed on the grounds of insufficient evidence, and the probability of reversal on this grounds is not—in and of itself—grounds for release under 18 U.S.C. § 3145(c). There must be *exceptional* reasons.

In *United States v. DiSomma*, 769 F.Supp. 575 (S.D.N.Y.1991), *aff'd*, 951 F.2d 494 (2d Cir.1991), the district court held that there was insufficient evidence to sustain the defendant's conviction of a crime of violence. The district court then held that "exceptional reason for release" existed because "the substantial issue raised by [defendant] about his conviction—the element of violence—is the very element of his conviction that prevents his release under § 3143." *Id.* at 577. The Second Circuit affirmed. *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir.1991):

> As in many things, a case by case evaluation is essential, and it is not our intention to foreclose district judges from the full exercise of discretion in these matters. That discretion certainly is not limited by the examples contained in the Justice Department letter. It is constrained only by the language of the statute: "exceptional reasons."

As to whether there was an exceptional reason in the case before it, the Second Circuit said:

> The statute of conviction requires proof of violence, and the existence *vel non* of that element is said to present a substantial question on appeal. It is that very violence that mandates detention under the

provisions of the Bail Reform Act. The element of the crime called into question on appeal is the element of the bail statute that bars release. Because this is so, DiSomma will have been confined unjustly if he prevails on appeal. In this case, prevailing on appeal may well result in dismissal of the indictment, since failure of evidence of violence is the kind of factual insufficiency that warrants dismissal.

*Id.* at 497.

Substitute "Controlled Substances Act" violation (18 U.S.C. § 3142(f)(1)(C)) for "violence" (18 U.S.C. § 3142(f)(1)(A)) [3] and we see that the same "exceptional reason" exists in the instant case as in *DiSomma*—the element of the crime called into question on appeal is the element of the bail statute that bars release.

This is not to say that every case where sufficiency of evidence is challenged would amount to "exceptional reasons" under 18 U.S.C. § 3145(c). Rather, each case must be analyzed individually. This Court thinks that the greater the likelihood of reversal on appeal, the greater the chance an "exceptional reason" exists under Section 3145(c). If the question of sufficiency of evidence is a close one, then there would be no "exceptional reason" under 18 U.S.C. § 3145(c).[4]

In the exercise of the Court's discretion in this particular case, an Order releasing Mr. Leslie T. Hill on bond pending appeal will be entered upon the terms and conditions set forth in the attached Order.

This Order will be stayed for twenty-one (21) days so that the United States can seek relief from or reversal of this Order under Fed.R.App.P. 9.

---

**3.** These are simply different subparts of the same subsection.

**4.** Another "exceptional reason" is the fact that during the trial I was never directed to, or fo-

cused upon, what proof is necessary to include a driver of a vehicle within a drug conspiracy or aiding and abetting charge.