48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ade Logan Lagbara MILTON, Defendant-Appellant.
 Nos. 93-1812, 93-1876.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1995.
 
 Before: LIVELY, JONES, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Ade Logan Lagbara Milton (a.k.a. Day-Day) is appealing his conviction and sentence for conspiracy to distribute controlled substances. For the reasons stated herein, we affirm Milton's conviction, but we remand the case for resentencing.
 
 I.
 
 2
 On August 4, 1988, Sergeant Mark Blough of the Flint Police Department, participated in a controlled narcotics purchase from a suspected drug house at 4317 Roberts Street in Flint, Michigan. Later that same evening, police arrested Defendant Milton during a search of the property. Milton admitted possession of marijuana after it was discovered that he was trying to hide marijuana in the couch while the house was being searched. During subsequent questioning by police while in custody, Milton identified himself as Marcus Webb. When the police called the telephone number Milton had given them as his home number, Milton's brother, Marcus Webb, answered the phone and helped the police to correctly identify Milton. Milton was released from custody.
 
 
 3
 On October 17, 1992, Sergeant Steven Sitar of the Pontiac Police Department observed a vehicle speeding on Auburn Avenue in Pontiac, Michigan. After stopping the vehicle, Sergeant Sitar asked the driver of the car for his license. The driver refused, and identified himself as Derek Johnson. Other passengers in the vehicle, however, identified the driver as Day Day or Ade Milton, as did occupants of the house at which the car had stopped. A wallet found under the driver's seat contained Milton's identification. Milton was arrested, and eventually his case was referred to special agent Todd Bowden with the Bureau of Alcohol, Tobacco and Firearms ("ATF").
 
 
 4
 The United States filed the original indictment in this case on July 10, 1990, against Defendant Milton and 18 other individuals. A second superseding indictment was filed on October 30, 1992, which charged Milton and co-defendant Bessie Ruth Williams with conspiracy to distribute cocaine.
 
 
 5
 On February 9, 1993, a jury trial commenced against Milton. Williams had entered into a plea agreement with the government, and she testified at trial as a government witness. Evidence the government presented at trial included the following: Milton was identified directing others in the sale of cocaine at Piner[1] drug houses; Milton's name was on ledgers found at the Piner drug house at 628 E. Edmund Street, Flint, Michigan, listing narcotics transanctions; Milton admitted to Special Agent Bowden that he sold crack cocaine in Flint, Michigan and that he recognized some of his co-conspirators from a photo line up; Milton was arrested at one of the drug houses, 4317 Roberts Street, Flint, Michigan, near cocaine and with a razor blade with crack residue in his pocket; Milton used false names and attempted to evade arrest in a car chase on October 17, 1992. On February 22, 1993, the jury returned a guilty verdict. On June 8, 1993, the district court sentenced Milton to 235 months imprisonment, followed by a five-year term of supervised release. Milton appealed to this court.
 
 II.
 
 6
 The second superseding indictment charged that from August 1988 to May 1990, Milton and Williams conspired to distribute cocaine. Milton first argues that evidence and testimony that involved acts that occurred outside of the August 1988 to May 1990 time period should not have been admissible because such evidence was either irrelevant or more prejudicial than probative. Milton does not elaborate on the nature of this evidence other than to point out that this evidence pertained to time periods nearly two years after the time period referenced in the indictment.
 
 
 7
 This court reviews the district court's decisions to admit or exclude testimony or other evidence for an abuse of discretion. United States v. Bonds, 12 F.3d 540, 554 (6th Cir.1993); United States v. Rios, 842 F.2d 868, 872 (6th Cir.1988), cert. denied, 488 U.S. 1031 (1989). We find no abuse of discretion here.
 
 
 8
 Apparently, Milton is referring to evidence admitted at trial that tended to show the efforts made by Milton to evade arrest during the two and a half year period following his indictment. This court has held that evidence of "flight" is generally admissible as evidence of guilt, and that determining how much weight should be given to such evidence is an appropriate jury function. See United States v. Touchstone, 726 F.2d 1116, 1119 (6th Cir.1984) (citing United States v. Craig, 522 F.2d 29, 32 (6th Cir.1985)).
 
 
 9
 Given Milton's failure to indicate with any specificity what evidence and testimony he is contesting, and thus his failure to show that there was prejudicial error, see United States v. Lipscomb, 435 F.2d 795 (5th Cir.1970), cert. denied, 401 U.S. 980 (1971), we are unable to find that the district court abused its discretion in admitting evidence of events occurring after May 1990.
 
 
 10
 Alternatively, Milton argues that the district court should have given an instruction to the jury limiting their consideration of this evidence of other acts. Defense counsel, however, neither offered such a limiting instruction, nor objected to the instruction given. Consequently, this court must review for plain error. Fed.R.Crim.P. 30 (1994); Fed.R.Crim.P. 52(b) (1994). Milton has not shown, nor do we find that the jury instructions given resulted in a miscarriage of justice. See United States v. Frady, 456 U.S. 152, 163 n. 14 (1982) (noting that plain error exception to contemporaneous-objection rule is to be "used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result"); United States v. Rodriguez, 882 F.2d 1059, 1064 (6th Cir.1989), cert. denied, 493 U.S. 1084 (1990).
 
 III.
 
 11
 Milton next argues that he was denied effective assistance of counsel. Milton did not raise this issue in the district court. "Generally, this court will not review an ineffective assistance of counsel claim raised for the first time on direct appeal because the record has not been sufficiently developed for assessing the merits of the allegations." United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993). Here, we decline consideration of Milton's claim of ineffective assistance of counsel, as we view the district court to be a better forum for initial review of this claim in a post-conviction proceeding pursuant to 28 U.S.C. Sec. 2255. See id.; United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). We note, however, that Milton appears to have mixed his ineffective assistance of counsel claim with a sufficiency of the evidence argument. "In reviewing claims for sufficiency of evidence to support a conviction, this court, while reviewing the record in the light most favorable to the prosecution, should grant relief only if it is found that upon the record evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1978); accord United States v. Sanchez, 928 F.2d 1450, 1457 (6th Cir.1991). "Circumstantial evidence ... is intrinsically no different from testimonial evidence." United States v. Ingrao, 844 F.2d 314, 315 (6th Cir.1988). "Furthermore, there is no requirement that circumstantial evidence remove every hypothesis but guilt." Id. We find that in so far as Milton is claiming that there was insufficient evidence to support his conviction, a rational trier of fact could have found beyond a reasonable doubt based on the evidence presented that Milton was involved in a conspiracy to distribute cocaine.
 
 IV.
 
 12
 Finally, Milton argues that prior to sentencing him the district court should have made a finding of fact as to the quantity of controlled substance attributable to him. We agree. At sentencing, the district court determined Milton's base offense level was 36, based on conspiracy to distribute at least 500 grams but less than 1.5 kilograms of cocaine base. See United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(c)(2).
 
 
 13
 The only finding with respect to Milton's base offense level that the sentencing court made is the following:
 
 
 14
 I find that the guidelines with regard to amount were applied accurately. Therefore I find that the guideline determination of 235 months to 293 months is the appropriate guideline determination.
 
 
 15
 This is not a sufficient factual finding under the standards enunciated by this court and under the Commentary to United States Sentencing Guidelines.
 
 
 16
 The government argues that the district court relied upon the relevant conduct provisions of U.S.S.G. Sec. 1B1.3 in determining Milton's base offense level. The sentencing court indicated no such reliance. Furthermore, the Commentary to U.S.S.G. Sec. 1B1.3 requires that "[i]n order to determine the defendant's accountability for the conduct of others [in the case of a jointly undertaken criminal activity], the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake (i.e., the scope of the specific conduct and objectives embraced by the defendant's agreement)." U.S.S.G. 1B1.3, comment. (n. 2). Additionally the Commentary states that
 
 
 17
 [w]ith respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.
 
 
 18
 Id. This commentary is binding on federal courts "unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 113 S.Ct. 1913, 1915 (1993). In considering this commentary, this court has held that where the district court fails to address the scope of the criminal activity the defendant agreed to undertake, it is necessary to remand the case for resentencing. United States v. Jenkins, 4 F.3d 1338, 1347 (6th Cir.1993), cert. denied, 114 S.Ct. 1547 (1994). Furthermore, the district court must determine the quantity of drugs attributable to the defendant by a preponderance of the evidence. United States v. Moss, 9 F.3d 543, 552 (6th Cir.1993); see United States v. Walton, 908 F.2d 1289, 1301 (6th Cir.), cert. denied, 498 U.S. 990 (1990).
 
 
 19
 The district court made no findings of fact with regard to the amount of cocaine base to be attributed to Milton in determining his base offense level. The government's efforts to show that the district court's determination of Milton's base offense level was supported by a preponderance of the evidence is not sufficient to remedy the lack of factual findings by the district court. "The determination of the quantity of drugs attributed to an individual defendant is a task uniquely suited to the trial judge." United States v. Todd, 920 F.2d 399, 407-08 (6th Cir.1990). We remand this case so that the trial judge can make this determination.
 
 V.
 
 20
 For the foregoing reasons, we affirm Milton's conviction, but we remand for resentencing.
 
 
 
 [1]
 Piner is the name of the head of the drug conspiracy in which Milton was found to be involved