IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2008

**STATE OF TENNESSEE v. ONTRELL JAMES**

**Appeal from the Circuit Court for Madison County**
**No. 07-456   Donald H. Allen, Judge**

**No. W2008-00890-CCA-R3-CD   -   Filed June 5, 2009**

A Madison County jury convicted the defendant, Ontrell James, of aggravated robbery, a Class B felony, and resisting arrest, a Class B misdemeanor. On appeal, the defendant argues that the evidence produced at trial was insufficient to support his aggravated robbery conviction because the evidence did not establish beyond a reasonable doubt that he knowingly obtained or exercised control over the property of another. After reviewing the record, we conclude that the evidence was sufficient to sustain the conviction and therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J., joined.

George Morton Googe, District Public Defender; and Gregory D. Gookin, Assistant District Public Defender, for the appellant, Ontrell James.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown and Brian Gilliam, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

This case resulted from an incident at a Madison County convenience store. The store's clerk, Attia El Sayed, and two customers present during the incident, Scott Cupples and Donald Ray, testified for the State at trial. At approximately 4:45 the morning of May 5, 2007, a man wearing a hat and bandana covering his face entered the store. The man pointed a rifle at Mr. El Sayed and demanded money. Mr. El Sayed, who testified that he felt afraid during the incident, told the assailant that the store had little money, but the assailant repeated his demands. The clerk then placed the cash drawer on the counter. The assailant approached the counter but turned to look at Mr. Cupples. Mr. El Sayed, noticing that the assailant was "losing control" of the rifle, grabbed the gun and pushed it away from him. Mr. Cupples and Mr. Ray then tackled the assailant, and the three

men got into an altercation. During the struggle, the assailant's face became visible after his bandana fell from his face. At trial, the three witnesses identified the defendant as the assailant, with Mr. El Sayed testifying that he recognized the defendant as a regular customer at the store.

Mr. El Sayed called 911, and a short time later Officer Phillip Stanfill, a patrol sergeant with the Jackson Police Department, arrived at the store. Upon entering the store, he saw the defendant struggling with Mr. Ray and Mr. Cupples. Officer Stanfill ordered the defendant onto the ground, but the defendant refused, which led Officer Stanfill to attempt to physically restrain the defendant. The defendant struggled with Officer Stanfill, but after Officer Stuart Cepparulo and other Jackson police officers arrived, the defendant was arrested.

Of note, Mr. El Sayed, Mr. Cupples, and Mr. Ray all acknowledged on cross-examination that the defendant did not pull any money out of the cash register and did not put any money in his pocket. The defendant did not testify or present witnesses on his behalf. The jury found the defendant guilty of one count of aggravated robbery and one count of resisting arrest[1], as charged in the indictment. The defendant subsequently filed a timely notice of appeal.

## ANALYSIS

The defendant argues that the evidence produced at trial was insufficient to support his conviction for aggravated robbery. Specifically, the defendant contends that because he never touched the money that Mr. El Sayed placed on the counter, he never obtained or exercised control over the money. The State contends that the elements of the offense were established beyond a reasonable doubt because the defendant obtained constructive possession of the money when the clerk placed it on the counter as ordered by the armed defendant.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The appellate court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt, and on appeal the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict. Id.; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

---

[1]The defendant does not challenge this conviction on appeal.

Tennessee's criminal code provides that aggravated robbery is "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or . . . [w]here the victim suffers serious bodily injury." Tenn. Code Ann. § 39-13-402(a)(1)-(2) (2003). Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Id. § 39-13-401(a) (2003). "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Id. § 39-14-103. In this case, most of the elements of the offense were clearly met, as Mr. El Sayed and the two customers testified that the defendant demanded money and brandished a rifle at the clerk, who testified that he was placed in fear by the defendant's actions. The only element at issue in this case is whether the defendant knowingly obtained or exercised control over the money in Mr. El Sayed's cash register.

The Tennessee Pattern Jury Instructions define "exercise control over property" as:

[T]he right to direct how property, real or personal, shall be used or disposed. Generally one must possess the right of possession in property in order to exercise control over it. Such possession may be actual or constructive, sole or joint. Also, one may have the right to control property without having a possessory interest. In such instances, if the defendant takes some action with the intent to deprive the owner of the property, and the defendant did so knowingly and without the owner's effective consent, the jury would be justified in returning a verdict of guilty. Anyone who is in a position to take some action that deprives the owner of property is in a position to exercise control.

T.P.I. - Crim. 11.01. Constructive possession occurs when a person knowingly has "'the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.'" State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981) (quoting United States v. Craig, 522 F.2d 29, 32 (6th Cir. 1975)). "The mere presence of a person in an area where [an object is] discovered is not, alone, sufficient to support a finding that the person possessed" the object. State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987) (citations omitted).

In this case, while the defendant never came into actual possession of the money, the defendant's demands for money and pointing a gun at the convenience store clerk, coupled with the clerk's placing the cash drawer on the counter and the defendant's subsequent movement to snatch the cash drawer, deprived the clerk of his possessory right to the money. At that point, the defendant acquired constructive possession over the money in that he exhibited the "power and intention . . . to exercise dominion and control over" the money. As such, the evidence supported the jury's finding beyond a reasonable doubt that the defendant "exercise[d] control over the property of another without the owner's effective consent." We therefore affirm the defendant's aggravated robbery conviction.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
_____D. KELLY THOMAS, JR., JUDGE